We are now recording. Hear ye, hear ye, this Honorable Appellate Court for the Second Judicial District is now in session. The Honorable Anne B. Jorgensen presiding. Your Honors, the only case on the dock this morning is 2-23-0047. The people of the state of Illinois, Plaintiff Appellee v. David A. Hietschold, Defendant Appellant. Arguing on behalf of Orchard. Arguing on behalf of the Appellee, Mr. David S. Friedland. Are you both ready to proceed then? Yes, Your Honor. Counsel, when you're ready. Thank you. Good morning, Your Honors. Good morning, Counsel. May it please the Court, I'm Elliot Borchardt. I'm from the Office of the State Appellate Defender, and I have the honor of representing Mr. David Hietschold, the Defendant Appellant in this case. Trials in absentia are, as this Court put it 10 years ago, generally abhorred. And this case provides a prime example as to why certain procedures must be adhered to in order to make them more palatable. In this case, because the trial court failed to advise Mr. Hietschold as to trial in absentia at or after arraignment, or because when it did advise him as to trial in absentia, it failed to advise him that if he did not appear at trial, he would waive his right to confront witnesses. The trial court failed to substantially comply with the admonishment requirement and thus erred in proceeding to trial in absentia. Counsel, doesn't the record show that the defense strategy was to get a favorable offer from the state, if possible, and then enter a plea of guilty? So, you know, the way I read the record, it was a little wishy-washy. Obviously, Mr. Johnson could not have been more clear. He said this was supposed to be a plea. I was caught with, you know, with, you know, he said flat-footed, I believe. He did not expect the case to ever go to trial. Mr. Hietschold, between the time he had counseled after his first counsel withdrawn, before Mr. Johnson filed his appearance, Mr. Hietschold, it appeared, made it clear that he did want to go to trial. He said on the record the reason for new counsel was he wanted a fair trial. But Mr. Johnson, at the hearing on whether or not there was going to be a continuance, said this was not supposed to go to trial. This was supposed to be a plea. The only reason I got hired was to get a better offer than prior counsel. But Mr. Hietschold does, I'm sorry, Your Honor. And for the record shows that your client is, had been arrested. He's now been discharged from custody, but he did not seek a hearing under 115, that's 4.1, to show that his absence was beyond his control, that it was not, that he was not at fault, correct? So he didn't. That's because by the time the, by the time he reappeared, I mean, the case was done with, I mean, the notice of appeal had been filed. He was, had been sentenced by then. There's really nothing else for the trial court left to do. I believe the trial court was without jurisdiction at that point in time because the notice of appeal was filed. Why should this court not follow what we said in People v. List, the alternative holding, that even if the defendant was not advised that he would enjoy his right to confront witnesses, there was still substantial compliance. Why shouldn't we follow the alternative holding in So List provides a different situation, Your Honor. So in List, the defendant was advised at arraignment of his right to confront witnesses. In this particular case, there was no arraignment. There was no admonishment. We said it, no, what we said in List, the alternative holding, was that even if he was not so advised, we would follow Broyhold, the fourth district case. Right. But you could only waive what you know about. That's law from the United States Supreme Court. Because Mr. Heichold was not advised as to his right to confront witnesses, that's not something he could waive. Garner makes it absolutely clear that you have to waive both your right to confront witnesses and the right to be present at trial in order to proceed. Where in Garner's does it say that? So, Your Honor, I don't have a direct pin site to this quote, but I do have a quote from Garner where it does say that it is clear that the legislative scheme is designed to ensure that the trial in absentia and in the defendant's absence is not held unless the defendant has made a valid waiver of his right to be present at trial and to confront witnesses against them. Well, they're citing, they're citing, they're quoting the statute 113-4E, correct? They're, no, based on, I think I did some interpretation because I'm using the language based on, it's based on the legislative scheme here. You received our minute order, correct? Regarding the two cases you wanted us to, yes, correct. And what waiver is more impactful on the defendant's right, waiving the right to be present at trial or waiving the right to a trial of any kind under Supreme Court Rule 402? Which one is weightier? The answer is obvious, isn't it? Pleading guilty and waiving a right to a trial of any kind, yet the Supreme Court has said that failure to admonish the right to confront witnesses does not render the admonishment insubstantial. In other words, there was substantial compliance. And we adopted that analysis by this court. But Rule 402A and guilty pleas and trials and absentia provide completely different situations. I mean, with pleas and guilty, that pleas of guilty, as Your Honor mentioned, I mean, you're waiving a whole bunch of stuff. I mean, the case is essentially over at that point. I mean, with trials and absentia, you still have rights. I mean, you're still going to be going to trial and the case isn't over. I mean, there's two different circumstances with different rules and different statutes that are governing. If the legislature thought Rule 402 case law and the general procedures from Rule 402 would have applied, it would have told us that. But instead, it specifically tells us in the statute that you have to admonish defendants as these two things. As I mentioned, trials and absentia are a poor because they're unfair to defendants. Well, that's the reason why and the Supreme Court explained it in Garner and in Phillips. That's why 113-4E and 115-4.1 work together to provide safeguards so that trials don't proceed unless the defendant actually knows that he has a right to be present and that if he fails to appear, trial can proceed in his absence. And those two statutes, you have to read them together. But the specific, as the trial court said, the more specific controls. And that's consistent with what the Supreme Court said in People v. Smith. It's a three-test. And by the way, Mr. Johnson cited Smith with the initial argument. It's a three-part test, correct? That you have to show that the defendant was advised of the trial date, was advised of his failure to appear, could result in trial in absentia, and finally, that the defendant did not appear for trial when the case was called. Smith is still the law. Right. And Montez says the admonishment has to be a proper admonishment. And it's Mr. Hite's position that the admonishment here was not proper because it failed to mention the right to confront witnesses and that he would be waiving that and because of the timing of the admonishment. I mean, the plain language of the admonishment here makes it clear. Yes, Your Honor. There's a lot of questions. Okay. If you can answer the question, but go ahead. I don't want to interrupt you. But the plain language of the statute makes it clear that you have to admonish defendants as to both of these things. I mean, courts, when we look to statutes, follow the plain language. That is not what the cases have held. This, Broiholt has held, this court has held in People v. Johnson, 2018. We followed Smith. We cited Broiholt and Johnson. Coppage from the first district. Every case that has decided this issue has decided that the failure to advise on a right to confront does not render the admonishment deficient. So long as you can tell from the record that the defendant knows that his absence may result in trial in his absence, where is there any indication in this record that the defendant did not understand that if he failed to appear, trial could proceed in his absence? So the trial court did advise him as to that. Mr. Heitchell indicated that he understood. But as I mentioned previously, Your Honor, Garner makes it crystal clear that you also have to waive the right to confront witnesses in order for trial to proceed in absentia. Garner paraphrases the obligation to conduct an arraignment and to include at an arraignment that that warning is given or at a later time. But the court did not say, and Phillips, again, Phillips, which was recently discussed, not recently, was discussed in People v. Dominguez. In Phillips, the court, citing Garner, pointed out that in Garner, there was not any admonishment. There was no admonishment, no admonishment of any kind under 113-4. And as the Supreme Court pointed out in 2012 in People v. Dominguez, they talk about Condon. In Condon, the bond slip notified the defendant that trial could proceed in his absence. And in Phillips, the Supreme Court rejected that part of Condon, but they embraced the admonishment that was given in Condon, the oral admonishment, which is discussed in Dominguez. And if you look at the record, you'll see that in Condon, neither the bond slip nor the oral admonishment included an admonishment regarding the right to confront witnesses. That's a hard question, but why should we not follow what Phillips says? And Phillips talks about 113, and then it goes right into a discussion of Condon. So, Phillips also mentions that trial and absentia can't occur unless a defendant is admonished as required under the 113. Right. There has to be substantial compliance. Your argument is that there must be strict compliance. I would respectfully disagree with that, Your Honor. Why? Because only giving half the admonishment, 50% of the admonishment, I don't think we could call substantial compliance. What about Broiholt? Broiholt basically says it's common sense. If you're not at trial, you're not going to be able to confront the witnesses against you. It's common sense. Mr. Heitchell might not be aware of that because he wasn't informed of his right to confront witnesses. He wasn't arraigned in this case. So, you're saying that that was his excuse for not showing up? No, Your Honor. I'm not saying that's not his excuse. Quite frankly, Your Honor, I don't know why he didn't show up at trial. But in order for trial to proceed in absentia, the case law, I think, makes clear that you have to be given this admonishment. The Supreme Court said in approving the oral admonishment that Condon was later orally admonished that the proceedings could go forward in his absence and reminded him of his obligation to appear in court. That is the Supreme Court approving the admonishment that was given the oral admonishment in Condon, and it included nothing about the right to confront witnesses. So, Your Honor, I'm not familiar with Condon, to be completely honest with you, Your Honor. Well, it's in Phillips, and it's discussed in Dominguez, and this issue has been discussed for decades, and there's been no change in the law. So, if Your Honor would like supplemental briefing based on Condon, I would be more than happy to provide that to Your Honor. Condon is quoted in Phillips, and they cite the pen cite to the record in Condon where the oral admonishment was given. Okay. Well, it's Mr. Heitchell's position, Your Honor, that at the end of the day, he has to be admonished as to the right to confront witnesses. As I said, you cannot waive what you do not know, and Mr. Heitchell was not unaware of his right to confront witnesses, so that's not something you can waive. Let me ask this. Your response to the state's argument, the false argument, where the state says you didn't include portions of the record from the misdemeanor case, what's your response to that? Because in your brief, you just say, well, we don't know that he was admonished at the misdemeanor during the misdemeanor proceedings. Yes. So, Your Honor, I actually think it's irrelevant whether he was admonished or arraigned in the misdemeanor proceedings because the charges were enhanced to a felony. So, at that point, we have a new case number. We have, obviously, enhanced penalties if he were to be that this battery occurred at a public place of accommodation. So, he needed to be given an opportunity to plead to that new allegation as well, so he needed a new arraignment. And given the plain language of the statute requires the admonishment at or after the arraignment, then he was also owed a new admonishment as well, and that admonishment was not given because there was no arraignment. The record was consolidated. There's an order that was entered that the record in the misdemeanor was consolidated with this case, and the case law provides that where there are proceedings that end in an alipras or and then there's a re-indictment, those admonishments can be used to satisfy the obligation by the state to show that there was a willful failure to appear. So, it's one record. It should be one record. But instead of supplementing, moving to supplement the record, you just say, we don't know. Yeah, I mean, we don't know, unfortunately, at the end of the day, whether he was admonished. But you're flipping the obligation. It's the burden on the appellant under FOUCH. And in Lane, for example, in Lane, the court, the third district said, we presume that the defendant was admonished at his first appearance, but that doesn't count because it should have been at the arraignment or at a later point in time, which, by the way, is inconsistent with 115-4.1 because it does not require an admonishment at an arraignment. It could be an admonishment at any time. So, I would respectfully disagree with that as well, Your Honor. I think the plain language of the statute requires the arraignment or the admonishment at or after arraignment. So, if you look at the context in which the admonishment 115-4.1 says you can be tried even though you haven't been arraigned. So, that's not required. Arraignment is not required. That's something different. That's what the Supreme Court said in Garner. A failure to arraign does not obviate an otherwise valid conviction. It doesn't void a valid conviction. Right. But that's a failure to arraign. And Mr. Hytchel is not arguing that the error here is the failure to arraign. He's arguing that it plays a role, but it's not the sole error. The error here is the failure to admonish as to his waiver of right to confront witnesses and the timing of the admonishment as well. Phillips, I still think makes clear, and Your Honor, I do recognize my time is up if I may continue to answer. Go ahead. Thank you, Your Honor. Phillips recognizes that, hey, you know, trial in absentia cannot proceed unless this admonishment is given. So, Phillips also recognizes, I think, implicitly at the very least that, you know, a defendant, he might be arraigned in absentia. I mean, he might not be present for arraignment, but you could still give the admonishment at a future court date that he's present at. But you have to think about this balancing too. I mean, I think it was Part C that said, and our Supreme Court said there's, it looked to the statutes, the in absentia statute and the admonishment statute and said they're the results of a complex series of trade-offs between the interests of the parties here. So, I think the admonishment is a key piece of that. If you take that admonishment away, you completely erase the defendant's piece here from the balance and his right to be present at trial while also seeking to benefit the state. So, it creates an imbalance that the legislature clearly did not want to create. Justice Mullin, do you have any questions? Madam, you're mute. Thank you. Thank you. Yes, I do have a question. I just wanted to get your take on Dominguez's counsel, which says substantial compliance, it defines substantial compliance as I see it, and says that the court, this is a quote, must impart to a defendant largely what is specified in the rule. And so, if you definition, what is your take on whether there was substantial compliance here? So, given that definition, Your Honor, I would say there was no substantial compliance here. I think based on that definition, it would require at least the court to touch on at least a little bit to write the right to confront witnesses. And there's absolutely no discussion about the right to confront witnesses whatsoever in the record. The first time the admonishment came in July of 2021, it was just your failure to appear, the trial could proceed in your absence. And the second time Mr. Hitchell was admonished in October, or I'm sorry, in July of 2022, he was admonished, you know, if you have the right to be present, if you don't appear, you waive that right. So, there was no discussion about the right to confront whatsoever. I actually would endorse that definition that Your Honor just read. I, you know, given it substantial compliance, I don't think the statute needs to be read word for word. But I think it's clear that you need to hit on both of those things, given the plain language of the statute here that the state's or rather the legislature's use of the word and here. Thank you, counsel. Yes. Any other questions? Nope. Does Burkett, do you have any additional? All right, counsel, you have an opportunity for a response following the state's arguments. Thank you. Thank you. Mr. Friedland, are you all prepared and ready to go? Yes, Your Honor. When you're ready, sir. Thank you. Good morning, Your Honor's counsel. My name is David Friedland. I represent the people of the state of Illinois. May it please the court. I think that the, at the outset, I'd like to correct one inaccuracy in my brief on page four. I noted that the defendant argued that the defendant had waived his objection to proceeding, that the records contradicts that. I apologize for that inclusion. I withdraw that argument that he waived that. I would point out, Your Honors, I think counsel is trying to elevate the right to confront witnesses' admonishment over almost all other admonishments. I think the law, as Your Honors pointed out, in both 402 and all of the Supreme Court case law from Phillips down in this district or this district in Lis Montes, it's substantial compliance and substantial compliance with 113.4e includes a failure. The omission to admonish the right to confront witnesses does not subside. Was the 113.4e substantially complied with? And the answer to that is absolutely. He was admonished on two occasions that he had the right to be present. He was admonished on the trial date setting itself that he had the right to be present and that the trial was going to go forward and sentencing. In his absence, he was admonished in the presence of counsel. And it's clear that counsel knew that, as Your Honor, Justice Burkett pointed out, this was supposed to be a plea and that when the defendant was unable to successfully obtain a plea, he absconded and then didn't appear. And counsel was then caught flat-footed. So there's certainly no constitutional right. Defendants can't make a constitutional right to be present at his trial. This is simply whether or not the statutory requirement of 113.4e was substantially complied with. And I think that there's no question that it was. I would address counsel's second argument as to whether or not the admonishments had to come after the arraignment, that whether or not the defendants had to enter a plea of not guilty. And I think because this case was pending for so long, there's a functional equivalent of a plea of not guilty. I mean, the defendant pled not guilty. He wanted a trial. It's clear that the on the trial date, even when the trial date, when counsel then raises the issue, when my defendant's not here, Your Honor, I'm reviewing the record and it doesn't appear that my client was arraigned, that's when 4.1 trumps his objection. I think that in the absence of any arraignment under 113.6, there would be no issue here. He could still raise an issue about based on all the case law that Justice Burkett and in my brief is cited. So really the only issue becomes whether at the time, what is the effect of his objection to the arraignment right before the case proceeds to trial? And I think the trial court found correctly that there wasn't one, that 4.1 trumps allows arraignment to proceed in the defendant's absence and in absence of irregularity or any showing of prejudice by the defendant, the failure that that objection doesn't have any effect on the validity of this trial. I mean, 113.6 is a statutory right without any sort of remedy. And then so I think, given that the purposes of 113.4 and 4.1, the state's expedient right to an expedient trial, the defendant's right to be admonished that he has a right to be present at the trial, given that and to the other effect to prevent bail jumping, all of those due process rights were protected here. The defendant can't claim that he didn't know that he wasn't there. I think that's what the whole purpose of 4.1 is. And so when counsel looks at, and when defense counsel argued that, well, we have to stop here. We have an objection. He wasn't arraigned. I think that requires some sort of showing of prejudice on the defendant and he simply can't make that. There's no evidence here. He hasn't alleged that he wasn't aware of the charges, that he didn't know the penalties. I mean, the parties here were clear that this was a long-running, an extensive case. They engaged in complex and lengthy plea negotiations. The defendant was present at the time he was admonished as to a 402 conference. A 402 conference was held. And then clearly, as defense counsel's motion to continue made clear, he didn't like the outcome of the 402. Mr. Friedland, what about counsel's argument that Phillips requires both admonishments? Does Phillips actually stand for that proposition that both must be given? No, I read both portions of the admonishment. Does Phillips stand for that proposition? I do not believe so. Phillips says that there has to be, my reading of Phillips is Phillips says there has to be substantial compliance with the statute and the bond slip is insufficient, where it's a written, that was the issue in Phillips, was the bond slip, whether that's sufficient at notice. And then Phillips came out unequivocally and said, no, it has to be oral admonishments. I think that's what you take from Phillips in trying to attach the right. I don't see anywhere where the right to confront witnesses, certainly not in Garner either, is necessary for substantial compliance with the statute. I mean, if that's the case, then as your honor pointed out, that is strict compliance with the statute and that's not necessary. What the court said in Phillips was, and the reason for the Phillips, this is at page 198. And the court said the state's position in this case has been rejected by two appellate court citing Lester. And then the court goes on to say that in Phillips, the defendant was tried and sentenced in absentia. And at no time did a trial court orally admonish him of the possibility of trial in his absence. That's the essence of the holding, isn't it? Yes. And so here we have the oral admonishments. And so the requirements of Phillips and the requirements of Garner, where there were no trial in absentia admonishments provided, the requirement of the admonishments of 113.4 is that the defendant's admonished of that to protect his right to know that he has the right to be present at trial. I don't see how a defense counsel can make an argument or how his argument would be so I can see how he makes it, but I don't see how it succeeds where the defendant clearly knew that he had the right to be there twice. He was there at two trial setting dates. He was admonished orally. So the fact that he wasn't, that the right to confront witnesses part wasn't there does not affect his constitutional right to be present. And as far as the statutory violation, the courts have been pretty clear that's substantial compliance that Broyled lists Montez recognizing Broyled have said that that does not equate to or that substantial compliance is satisfied there. And in Garner, the Supreme Court cited Velasco and in Velasco, there was no admonishment about the right to confront either, correct? I can't, I don't remember that pinpoint cited in Garner, but again, my reading of Garner was not. It's at the very end of Garner, they cite Velasco. Okay, well, then I, of course, concur with your reading of Garner, but Garner does not say as counsel was, it was, is trying to attach on to Garner that both the right to confront witnesses and the right to be present on trial that, that those are both required under Garner going forward. And I don't think that's an accurate reading of Garner, especially in light of as this court's interpreted Montez and lists. So in some of your honors, I mean, in this case, I believe the defendant was adequately admonished where his due process rights to be admonished, statutory rights to be admonished as this trial and abstention satisfied substantially complied with, they were. The defendant knew he had a trial. He failed to appear. He's not contested as your honor pointed out. He has not brought up in 4.1 that his failure, his absence, he has a right or a remedy. If his absence was not willful, he failed to pursue that, that Avenue. I'd also note that everybody here, again, it was proceeding as if the defendant had entered a plea of not guilty. You can look at defense's motion to continue. Paragraph one says defendant was charged with aggravated battery. Defendant has pled not guilty in his motion and eliminate. He also filed the paragraph. One defendant has been charged with aggravated battery. Defendant has pled not guilty. That's record 66 and page 66 and 68 of the record. There's no question the defendant wanted the trial. Even before the defendant failed to appear, he filed a motion to eliminate asserting an affirmative defense, the self-defense and justifiable use of force. There's no question that defendant had pled not guilty and as the trial court found in addressing defendant's motion, the trial is proceeding and we're here this day because this is a plea of not guilty. I would argue that the 113-4E was substantially complied with and therefore, we would ask you to reject the defense argument and affirm his convictions. Do you have any further questions? Well, counsel, I would ask the same question I asked of your opponent and it has to do with the trial court. It says it's that the court must impart to a defendant largely what is specified in the rule and I'd add Garner says it's our duty to apply the law as announced by the legislature but do you contend then the trial court did impart to the defendant largely that which was specified in the rule? Yes, I would contend that. I think that and I can't remember which case I'm citing for this premise but the case will by not failing to appear in court when his right to be present, if you're told the trial can proceed in your absence, which of the two, the right to confront witnesses, the right to be if you fail to appear, the trial is going to go forward in your absence. Clearly, what's subsumed by that is if you're not there and the trial goes forward in your absence, the larger more important and the more substantive part is that you're not there, the trial is going forward and that's going to incorporate that the witness is going to testify against you and that you'd have the right to confront them or crossing them and them through counsel. So of the two, if we're looking at which prong I should say or which one of the two constitutes the larger or the more important, it's the right to be at your trial and that if you don't come, you're going to waive that and along with everything that goes with that trial, which is confront witnesses, make objections, confront all that. So when you're under that definition, that supports the substantial compliance position of the state. Don't you think that might read out of the rule and render superfluous that language that they need to be also advised of the right to confront witnesses? Well, I think then you go to either if you look at the entire entirety of the statutes of 402 under Mendoza and Strice, if you have counsel that can assist in that you're not in a perfect world, they're admonished as to every single thing, but in the 402 held that in a negotiated or in a plea of guilty, you can waive, well, not all of the admonishments are required for substantial compliance pretty much is out the window. I don't believe that we're reading something out of the legislature. Let me ask this. If substantial compliance required the admonishment about the right to confront witnesses, why would the Supreme Court be citing cases where that was not the admonishment that was given? Boyle that they cite in Smith and Phillips, Condon, and in Garner, they cite Belasco. And in none of those cases, did the trial court provide the additional language of the right to confront witnesses? And your question is why? I think those cases control and explain exactly what substantial compliance is then. I mean, at this stage, the right to confront witnesses, the failure to litigate it up and down, both in the context of pleas and both in the trial and absentia admonishments. The right to confront witnesses while in the statute does not in itself, that failure of that admonishment does not in and of itself render the admonishments or I should say, that's not a prerequisite or requirement for substantial compliance. Well, the state, even though I recognize your false argument, but the state could have moved to supplement the record with the misdemeanor record, correct? You could have moved to supplement. Yes. And my response is that's the burden flipping. It's their burden to do it otherwise. And if you look at the record, I think that supports why defense counsel appears on the first court date and he says it's clear he has the discovery. It's clear he's familiar with the case. There are cases and there are proceedings here missing. Yes. Can we do that? We can, but it's the defendant's burden to do that. And if they're going to allege, well, I didn't have my rights or I didn't know or I wasn't admonished this or I wasn't admonished that, here defense counsel is saying, oh, I have the discovery. I have this. We just need a date. We're going to try to resolve this. You said specifically that they were going to try to work it out. Yes. We want to set this for a... Looking at the evidence of the case, this is a clear case of why this case had to be worked out. I mean, there's no question here that this had to be a plea. And defense counsel, both defense counsels endeavored from the beginning and formed the court of that. Mitigation packets were prepared. I'm preparing a mitigation packet. That was the whole goal of this trial. And so that goes to the defendant's first argument about whether or not he needed to be arraigned or have a formal plea of not guilty entered at the time. This was a plea of not guilty in an effort at a plea. And the defendant, the entire case proceeded. So the absence of these proceedings in the beginning, well, that's defendant's burden to provide them and to supplement the record and to say that it wasn't done. Yes, the state... What about counsel's argument that there was an added element to enhance it to a felony and that you needed to start the proceedings all over again? I recognize that argument. Sure. We just don't know what was said. If he was pled not guilty, what happened at the arraignment or the acknowledgement, I get that. There is a new charge. It is a felony. But was he aware or was he intending to plea not guilty? We just don't know what was said and it's their burden to provide the record. Otherwise, it's construed against them. I see my time is up with that, Your Honors. Unless there are further questions, I would ask you to affirm the trial court's or the defendant's conviction and sentence. Thank you. Any further questions? No. No, thanks. Thank you. Counsel, thank you very much for your arguments this morning. Counsel, do you wish to respond? Yes, very briefly, Your Honor. So, Justice Mullin, I want to address my counterpart's answer to your question here, and specifically about the part how counsel is able to assist. So, I mean, yeah, in some of these cases with regards to the guilty plea, there was some... I think part of the reason there was affirmed is because counsel had told the court that, hey, I talked to my client about his right to a trial. But if you look at the plain language of the statute here, the duty is on the court to make the admonishment here. So, I mean, we don't know whether there was any conversation with counsel here regarding trial and absentia, but regardless, the duty is on the court. We do know that Judge Stigler asked counsel at the first appearance and again at the second appearance, anything else? Is there anything else? And counsel didn't say, no, my client hasn't been arraigned. No one ever says that. No one ever even brings it to the attention of the court. Yeah. Unfortunately, I do think, you know, I'm not saying it was intentional that nobody arraigned him. I do think it was an oversight. I mean, we had several judges moving in and out here. I know Judge Stigler had a personal matter he had to attend to that took him off the bench for a little bit, but... What about the state's argument that the statute itself suggests that there was an arraignment because the defendant pled not guilty? So, what the statute requires is more of an informal not guilty plea as in, like, in a pleading like that. The statute is clear. I mean, look, if you look at where the admonishment is found, it's found in the, not in the in absentia statute, it's found in the arraignment statute and specifically talking about pleading not guilty in the pleading section of the arraignment statute. So, that context tells us you have to plead not guilty at the arraignment in order to get the admonishment. So, I don't think that saying, hey, he's pleading not guilty, you know, in a filing is sufficient. I mean, the defendant's presumed innocent of all charges until the state proven guilty beyond a reasonable doubt. So, he has the right to stand on his right to a trial. And if that's simply enough to, in order to get the admonishment, then the language about if defendant pleads not guilty in the in absentia admonishment statute would be surplusage at that point. One last thing I want to address, counsel had mentioned, you know, briefly something about prejudice. It's Mr. Hite's position that he does not need to establish prejudice or any adverse effects here. If you look at the case law where there was no substantial compliance found, those And that makes sense because trials in absentia are abhorred, they're inherently prejudicial, they're unfair. If there are no further questions, Mr. Hite shall does request, oh, yes, your honor. I have a question. Yes. And your reference to Phillips, the court, as I asked the state, the court made clear the problem in Phillips was that the defendant was never informed that he could be tried in his absence. The court says that repeatedly, and I'll quote, the court relying on Lester said, the Lester court found that because waiver assumes knowledge of a defendant who has not received notice of the possibility of trial in absentia cannot be deemed to have knowingly waived his right to be present at trial. Nothing about the right to confront witnesses. The court is very specific because otherwise it would have overruled Smith. Correct. But Phillips does say that it is reversible error to proceed to trial in absentia when the court does not admonish the defendant, quote, as required. And the plain language of the statute requires that you cover both. Well, unfortunately, for your position, courts have found that there is substantial compliance when the defendant is admonishment that trial can proceed in his absence. But I, again, your honor, I think Gardner suggests that you have to be able to waive the right to confront witnesses as well for trial to proceed in absentia. And that's not something I could do. Why would Garner cite Velasco for that position? When in Velasco, there was no admonishment about the right to confront witnesses. Your honor, I'm not sure. I mean, I think where the, where the Supreme Court got the language that I quoted earlier is from looking at the history of the statute or interpreting the statute based on the language it used. But again, Mr. Hytchel can't waive a right he does not know about. He was not arraigned, so he was not told about his right to confront witnesses. And because the admonishment didn't mention it as well, he can't waive it as well. Thank you. Yes. So if there are no further questions, Mr. Hytchel, I respectfully request that this court reverse conviction and remand for a new trial. All right. Any other questions? No, thank you. All right. On behalf of the court, I thank both counsel for excellent arguments this morning. We appreciate them very much. And also the short notice for setting this oral. We appreciate your ability to make a short date. So we will have a decision in due time. And thank you very, very much this morning. Thank you. Have a good day. Thank you. Thank you. Mr. Marshall, is that everyone? Yes, ma'am. Everyone has been dismissed and the meeting is now locked.